1 | James R. Patterson, State Bar. No. 211102
Alisa A. Martin, State Bar No. 224037
2 | HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway, 29th Floor
3 | San Diego, CA 92101
Telephone: (619) 756-6990
4 | Facsimile: (619) 756-6991

5 | Attorneys for Plaintiff and the Class
(Additional counsel appear on the signature page)

FILED

2010 AUG -5  PM 12: 44

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

**UNITED STATE DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

**'10 CV 1633 JAH      BLM**

CHRISTOPHER BREWSTER, on behalf of
himself and all others similarly situated,

　　　　　　　　Plaintiff,

　　vs.

USAA FEDERAL SAVINGS BANK; and
DOES 1 through 50, inclusive,

　　　　　　　　Defendants.

CASE NO.:

**CLASS ACTION**

**COMPLAINT FOR:**

1. **VIOLATION OF TILA AND REGULATION Z;**

2. **DECLARATORY AND INJUNCTIVE RELIEF;**

3. **BREACH OF CONTRACT;**

4. **VIOL. OF CAL. BUS. & PROF. CODE § 17200, ET SEQ.; AND**

5. **VIOL. OF CAL. BUS. & PROF. CODE § 17200, ET SEQ.;**

**[DEMAND FOR JURY TRIAL]**

*(left margin, vertical)* HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

　　　　Plaintiff, on behalf of himself, and all others similarly situated, alleges upon personal knowledge as to himself and his acts, and as to all other matters upon information and belief, as follows:

## I.   **INTRODUCTION**

　　　　1.　　This case is about USAA Federal Savings Bank ("Defendant") illegal and improper reduction and suspension of credit limits on home equity lines of credit ("HELOC") across the country in a thinly-veiled, unlawful attempt to limit its exposure to the risk of collapse in the United States housing market and to rid itself of below-market interest rate loans.

1  Defendant broke its promises to the homeowners that were depending on their HELOC loans and

2  broke the law in the process.

3      2.    Defendant originates, services, and owns billions of dollars worth of prime and

4  subprime mortgages, including the HELOCs at issue in this Complaint.  Each member of the

5  proposed class had a HELOC that Defendant either unfairly and unlawfully reduced or

6  suspended without justification.  Plaintiffs bring this class action on behalf of themselves and the

7  putative class for injunctive and declaratory relief, actual damages and attorneys' fees under the

8  Truth-in-Lending Act (15 U.S.C.§1640(a)) ("TILA"), damages for breach of contract and breach

9  of the implied covenants of good faith and fair dealing, and restitution under California's Unfair

10  Competition Law, Cal. Bus. & Prof. Code § 17203 ("UCL").

11  **II.  NATURE OF ACTION**

12      3.    As early as 2008, Defendant began informing thousands of homeowners that their

13  HELOC loans were being summarily decreased or suspended because of a purported decline in

14  their home values.  Many of these homes had not actually suffered a significant decline in value,

15  but Defendants nevertheless suspended or reduced the credit limits on the corresponding

16  HELOCs.  Defendant never informed Plaintiff how it determined his  home value had

17  significantly declined.

18      4.    On information and belief, for the purposes of the suspensions and reductions of

19  its HELOCs, Defendant made value determinations through dubious automated valuation models

20  ("AVMs"), which are computerized econometric models tied to a database of information related

21  to home values.  These self-serving AVM's were specifically tailored to serve Defendant's

22  unlawful purpose of manufacturing a basis to decrease or suspend homeowners' HELOC loans

23  to protect Defendant's own financial interests associated with the downside risk of the declining

24  housing market and to get rid of the low interest rate HELOC loans.  As a result, Defendant sent

25  its suspension and reduction letters to many homeowners whose home value had not declined

26  significantly and reduced the credit limits on the corresponding HELOCs.

27      5.    On information and belief, the basis of Defendant's letters was an AVM that used

28  unreliable or inaccurate data.  The home loan industry made widespread use of the AVMs in

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

1  underwriting the loans that led to the current mortgage meltdown.   Indeed, the abuse and

2  manipulation of AVMs to overvalue real estate (in order to justify larger loans and

3  correspondingly larger origination and/or transaction fees) has been widely criticized.  AVMs

4  remain just as susceptible to manipulation and gross error now that banks are aggressively

5  seeking to reduce their outstanding credit lines.

6       6.      Defendant's systematic mass reduction and suspension of its HELOCs was

7  unlawful and deceptive.  Federal regulators have warned financial institutions that it is a direct

8  violation of federal law to "reduce the credit limits of all HELOC accounts in a geographic area

9  in which real estate values are generally declining without assessing the value of the collateral

10 that secures each affected HELOC account."  Defendant's misuse of its secret, self-serving

11 AVMs did not account for individual property characteristics and other critical variables, which

12 prevented Defendant from having a sound factual basis for the HELOC suspensions and

13 reductions and which deprived homeowners of their lawful right to an individual determination

14 of whether their homes had suffered a significant decline in value.

15 **III.    JURISDICTION AND VENUE**

16      7.      Defendant is a national banking association whose head offices are in San

17 Antonia, Texas, and is a citizen of Texas under 28 U.S.C. § 1348 and *Wachovia Bank, N.A. v.*

18 *Schmidt*, 546 U.S. 303 (2006).  This Complaint alleges claims on behalf of a national class of

19 homeowners who are minimally diverse from Defendant.   On information and belief, the

20 aggregate of these claims exceed the sum or value of $5,000,000.  This Court has subject matter

21 jurisdiction over this case under 28 U.S.C. § 1332(d)(2).  This Court further has federal question

22 jurisdiction under 28 U.S.C. § 1331, as the action arises in significant part under Regulation Z of

23 TILA, 15 U.S.C, § 1601 et seq., 12 C.F.R. § 226.5b.  Supplemental jurisdiction over Plaintiffs'

24 state law claims is proper under 28 U.S.C. § 1367.

25      8.      This Court has personal jurisdiction over Defendant under Cal. Code Civ. Proc. §

26 410.10 because some of the acts alleged herein were committed, and Plaintiffs incurred their

27 injury, in California (and, specifically, the Southern District of California).

28      9.      Venue is also proper before this Court under 28 U.S.C. § 1391(b)(2).

-3-

**IV.    THE PARTIES**

10.    .**Plaintiff**:  Plaintiff resides in San Diego County, California.  In March 2006, Defendant originated a $50,000 HELOC for Plaintiff that was secured by his personal residence. Two years later, Defendant froze Plaintiff's HELOC at approximately $35,000.

11.    **Defendant**:  Defendant is a national banking association with its main offices in San Antonio, Texas.  Defendant is the 34th largest bank in the country and has several offices throughout the country.

12.    **DOE Defendants**:  Plaintiff is ignorant about the true names of defendants sued as DOES 1 through 50, inclusive, and their wrongful conduct, and therefore sues these defendants by fictitious names.  Plaintiff will seek Court leave to amend this complaint to allege their true names and capacities when ascertained.  Additionally, Plaintiff alleges on information and belief that at all relevant times, DOES 1-50, inclusive, were defendants' agents, servants, employees, representatives, partners, and related or affiliated entities, and in doing the things hereinafter mentioned, were acting in the course and scope of their agency, employment, or retention with defendants' permission, consent, authority and ratification.

13.    **Defendants' Aiding and Abetting**:  All defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other defendants in breaching their obligations to Plaintiff and the Class and Subclasses, as alleged herein.  In taking action, as particularized herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, defendants each acted with an awareness of the primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals and wrongdoing.

**V.    PLAINTIFF'S INDIVIDUAL ALLEGATIONS**

14.    Plaintiff purchased his home in 1999.  In March 2006, he refinanced his home through Defendant by taking out a first mortgage for approximately $400,000 and then later obtaining a HELOC for $50,000.  Plaintiff anticipated using his HELOC for home related expenses.  At that time, Plaintiff's home was appraised at approximately $500,000.

/ / /

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

-4-

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

15.    In October 2008, Plaintiff wrote a check from his equity line for $5,000. The next day he received a call from Defendant informing him that the line was frozen at approximately $40,000, which was the current balance at that time, due to declining property values.

16.    Thereafter, Plaintiff received a letter from Defendant indicating that it had suspended Plaintiff's HELOC from future draws effective immediately. The letter stated that the suspension was due to the fact that home values are declining and that the value of Plaintiff's home had significantly declined. The letter did not state what the new declined value was, how Defendant determined the new value, what the initial home value at the HELOC origination was, what value was needed for full reinstatement of the HELOC, or any other material information.

17.    Plaintiff believes that Defendant's decision to reduce his HELOC was solely based on a geographic area survey covering home values in the area where Plaintiff's home was located, not on an actual assessment of Plaintiff's home value.    Thus, Defendant had no reasonable justification for significantly reducing Plaintiff's HELOC.

18.    Plaintiff sustained a variety of damages from Defendant's wrongful acts.   By freezing Plaintiff's HELOC, Defendant denied Plaintiff access to $10,000, thereby preventing Plaintiff from enjoying the benefits of his contractual relationship with Defendant.   When Defendant reduced Plaintiff's credit limit, it proportionately reduced and diminished the benefit of the bargain Plaintiff expected to realize from that fee.

19.    Plaintiff's HELOC with Defendant was his primary line of credit.   Defendant's unilateral reduction of the credit limits on Plaintiff's HELOC dramatically lowered the ratio of credit Plaintiff had available to him to the outstanding balance on that credit.    In turn, on information and belief, Defendant's acts drove up his Credit Utilization Rate, a major component of his credit rating. Defendant's acts damaged Plaintiff's credit rating and increased the cost of credit to him.

20.    At bottom, Plaintiff entered into a contractual relationship with Defendant for, among other things, a $50,000 HELOC. Defendant froze Plaintiff's HELOC. That action was unwarranted because Defendant failed to assess Plaintiff's actual home value, but instead relied on a general area survey.

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

## VI.    CLASS ALLEGATIONS

21.    **Class and Subclasses**: Plaintiff brings this lawsuit on behalf of an ascertainable nationwide class and subclasses under Federal Rule of Civil Procedure 23(b):

a.    **Class**: The class consists of:

All persons who have or had a HELOC from USAA that was reduced or suspended due to a purported significant decline in the value of the property securing the HELOC ("Class" or "Class Members").

b.    **Subclass A**: Subclass A consists of:

All Class Members who currently have HELOCs with USAA and who's HELOCs have been reduced or suspended by USAA purportedly due to a significant decline in the value of the property securing the HELOC ("Injunctive Relief Subclass").

c.    **Subclass B**: Subclass B consists of:

All Class Members who paid an annual fee to maintain their HELOC account with USAA ("Annual Fee Subclass").

22.    **Excluded from Class and Subclasses**: Excluded from the Class and Subclass A and Subclass B ("Subclasses") are (i) any Judge or Magistrate presiding over this action and their family members; (ii) Defendants, and their corporate parents, subsidiaries and affiliates, officers and directors, any entity in which Defendants have a controlling interest; (iii) persons who properly and timely request to be excluded; and (iv) the legal representatives, successors or assigns of any such excluded persons or entities.   Plaintiff anticipates the need to potentially amend the class definition pending discover.

23.    **Numerosity**:  Members of Class and Subclasses ("Members") are so numerous that joinder of all Members is impracticable.  Defendant sent its generic credit line freeze letters (or substantially similar letters) to thousands of HELOC borrowers, and a substantial percentage of the recipients of these letters fall into the definition of one or more of the Subclasses.  While the exact numbers of Members are unknown to Plaintiff at this time, such information can be ascertained through appropriate discovery from records maintained by Defendant and its agents.

24.    **Superiority**:  A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all Members is impracticable and the

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

1   likelihood of individual members prosecuting separate claims is remote. Individual Members do

2   not have a significant interest in controlling litigation because their individual damages likely

3   will be relatively small. Relief concerning Plaintiff's rights under the laws alleged herein and

4   with respect to the Class and Subclasses as a whole would be appropriate. Plaintiff knows of no

5   difficulty to be encountered in this case's management that would preclude maintenance as a

6   class action.

7       25.   **Predominance and Commonality**: Common questions of law and fact exist as

8   to all Members and predominate over questions affecting only individual Members. The

9   common questions include:

a.   What were Defendant's criteria for reducing the credit limits on its HELOCs;

b.   What were Defendant's methods for valuing the homes securing the HELOCs which credit limits it reduced;

c.   Whether Defendant's reduction of, and/or failure to reinstate, the credit limits on the HELOCs violated Regulation Z and/or TILA;

d.   Whether Defendant's reduction of, and/or failure to reinstate, the credit limits breached the terms of the HELOC agreements;

e.   Whether Defendant's reduction of, and/or failure to reinstate, the credit limits on the HELOCs was unfair and/or illegal and constituted a violation of California's UCL;

f.   Whether Defendant's reduction of, and/or failure to reinstate, the credit limits on the HELOCs diminished the benefit of the bargain its customers derived from paying annual fees to maintain their HELOC accounts;

g.   Whether Defendant's reduction of, and/or failure to reinstate, the credit limits on the HELOCs while assessing and collecting annual account fees was unfair and/or illegal and constituted a violation of California's UCL; and

h.   Whether Plaintiffs and the Class are entitled to relief, and the nature of such relief.

///

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

26.   **Typicality**:   Plaintiff's claims are typical of other Members' claims because Plaintiff and the Class were exposed to virtually identical conduct and sustained damages from that conduct.  The California and federal laws under which Plaintiff's claims arise do not conflict with the laws of any other state in any material way.

27.   **Adequacy**:   Plaintiff can fairly and adequately represent the Class and Subclasses' interests; Plaintiff has no conflicts of interest with other Members, and has retained counsel competent and experienced in class action and civil litigation.  Further, Defendant does not have a defense unique to Plaintiff.

28.   **Policies Generally Applicable to the Class**.  This class action also is appropriate for certification because Defendant acted or refused to act on grounds generally applicable to the Class and Subclasses, thereby making final injunctive relief or corresponding declaratory relief appropriate.  Defendant's policies apply and affect class members uniformly, and Plaintiff's challenge to these policies hinges on Defendant's conduct, not on facts or law applicable to only Plaintiff.

<u>**FIRST CLAIM FOR RELIEF**</u>
**(For Violation of the TILA and Regulation Z — Actual and Statutory Damages)**
**On Behalf of the Class**

29.   Plaintiff incorporates the above allegations by reference.

30.   The Truth-in-Lending Act ("TILA") and its implementing regulation (Regulation Z) restrict Defendant from changing any of the terms of a mortgage or HELOC, including the credit limit.  15 U.S.C. § 1647(c)(1); 12 C.F.R. § 226.5b(f)(3).  The exception relevant here permits Defendant to reduce the credit limits on its HELOCs "during any period in which . . . [t]he value of the consumer's principal dwelling which secures any outstanding balance is significantly less than the original appraisal value of the dwelling."  15 U.S.C. § 1647(c)(2)(B); 12 C.F.R. § 226.5b(f)(3)(vi)(A).

31.   The Federal Reserve Board Official Staff Commentary to Regulation Z ("the Official Staff Commentary") defines "significant decline" for purposes of § 226.5b(f)(3)(vi)(A) as a decline in home value so that "the initial difference between the credit limit and the available equity (based on the property's appraised value . . . ) is reduced by fifty percent."  The

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

1    Official Staff Commentary further states that Regulation Z "does not require a creditor to obtain

2    an appraisal before suspending credit privileges [but] a significant decline must occur before

3    suspension can occur."   On August 26, 2008, the Office of Thrift Supervision issued official

4    guidance that warned it would violate Regulation Z to *reduce the credit limits of all HELOC*

5    *accounts in a geographic area in which real estate values are generally declining without*

6    *assessing the value of the collateral that secures each affected HELOC account."*

7          32.     Before reducing the limits of its customers' HELOCs, Defendant had an

8    obligation to have a sound factual basis for concluding that the value of the homes had actually

9    declined significantly.  *See* 15 U.S.C. § 1647(c)(2)(B); 12 C.F.R. § 226.5b(f)(3)(vi)(A); FDIC

10   June 26, 2008 Financial Institution Letter (FIL-58-2008), *Home Equity Lines of Credit,*

11   *Consumer Protection and Risk Management Consideration When Changing Credit Limits and*

12   *Suggested Best Practices,* 2.   Instead, on information and belief, Defendant knowingly and

13   intentionally used certain valuation methods that drastically devalued the Class members'

14   properties in order to justify the blanket suspensions of their HELOCs.

15          33.     Additionally, because a "significant decline" requires a consideration of the

16   property's available (unencumbered) equity, Defendant had an obligation to calculate and

17   consider the available equity in each property in order to determine whether the available equity

18   had suffered a significant decline within the meaning of Regulation Z.  *See* Official Staff

19   Commentary to 12 C.F.R. 226.5b(f)(3)(vi), Section 6.  Such a calculation necessarily required

20   Defendant to determine the existence of any other mortgages or encumbrances on the property

21   and, if so, whether the balance of any other such mortgages had actually decreased since the

22   initial creation of the HELOC.  Defendant failed to make this required inquiry.

23          34.     Defendant violated TILA and Regulation Z by suspending and reducing the Class

24   members' HELOCs without first determining the level of available equity in their property,

25   which has not significantly declined within the meaning of Regulation Z, due to a significantly

26   higher home value than initially determined by Defendant's AVMs, and due to the Class

27   members paying down the balances on their first mortgages.  Upon information and belief,

28   Defendant intentionally ignored or disregarded this information before it chose to suspend the

-9-

1     Class members' HELOCs and when deciding whether to reinstate suspended or reduced

2     HELOCs.

3           35.    Indeed, Defendants presented no evidence to Plaintiff showing that it actually

4     determined his home value before freezing his HELOC.  Defendant's suspension or reduction of

5     Plaintiff's HELOC, and subsequent failure to reinstate them raises three implications:

6         a.  Defendant's AVMs are inherently flawed because they undervalue individual

7             properties, and cannot be used to justify reductions of the HELOCs;

8         b.  Defendant failed to conduct an individual inquiry, or consider current mortgage balances in determining whether a specific home had suffered a

9             significant decline in value; and

10        c.  Defendant ignored subsequent higher valuations obtained through the AVMs or actual appraisals, which confirmed that homeowners' home values were no

11             longer suffering from a substantial decline, or, indeed, that they had never suffered a substantial decline.

12           36.    On information and belief, Defendant 1) used inaccurate self-serving AVMs to

13     reduce the credit limits on the Class members' HELOCs, failed to continue to monitor the value

14     of the Class members' homes, and insisted that the Class members obtain formal appraisals to

15     reinstate their HELOCs and/or 2) used inherently faulty AVMs that undervalued the Class

16     members' home to justify the reduction of the credit limits on the Class member's HELOCs.

17           37.    Finally, the Official Staff Commentary to Regulation Z, 226.5b(f)(3)(i), provides

18     that a bank may not impose "'triggering events' or responses that the regulation expressly

19     addresses in a manner different from that provided in the regulation."  Namely, "a contract

20     cannot contain a provision allowing the creditor to freeze a line due to an insignificant decline in

21     property value since the regulation allows that response only for a significant decline." *Id.*

22           38.    In direct violation of this provision, Defendant unlawfully suspended the Class

23     members' HELOCs in response to insignificant declines in home values or where the value of

24     the underlying property had not declined at all.  Alternatively, when the value of the homes

25     securing the HELOCs for Plaintiff and other Class members was no longer in a significant decline

26     from the original valuation, Defendant failed to reinstate their credit limits.

27           39.    Defendant's reduction of and/or refusal to reinstate the credit limit for Plaintiffs' and

28     other Class members' HELOCs violated and continues to violate TILA and Regulation Z.

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

40. Defendant's violations of TILA and Regulation Z damaged Plaintiffs and the other Class members. These damages include the denial of the full use of the bargained-for benefit of the HELOCs, early termination fees, appraisal fees, replacement HELOC closing costs, the increased price of credit, adverse effects on credit scores, the lost benefit of the bargain on annual account fees, and "not sufficient funds" fees.

41. Plaintiffs, on their own behalf and behalf of the other Class members, seeks actual damages under 15 U.S.C. § 1640(a)(1), statutory damages under 15 U.S.C. § 1640(a)(2)(B), and costs of the action, together with reasonable attorneys' fees under 15 U.S.C. § 1640(a)(3).

## SECOND CLAIM FOR RELIEF
### (For Violation of the TILA and Regulation Z — Declaratory and Injunctive Relief)
### On Behalf of Injunctive Relief Subclass

42. Plaintiff incorporates the above allegations by reference.

43. Plaintiff still maintains a HELOC with Defendant though it was suspended from future draws in October 2008 based on the purported significant decline in their home value. As fully described above, no such significant decline has occurred.

44. As fully described above, Defendant violated TILA and Regulation Z by using grossly inaccurate valuation methods to undervalue the properties and justify blanket suspensions and reductions of the HELOCs for Plaintiff and other members of the Injunctive Relief Subclass.

45. Defendant further violated TILA and Regulation Z by suspending or reducing the HELOCs in the absence of the significant decline in homes securing the HELOCs and without having a sound factual basis for concluding that there had been any such significant decline.

46. The Injunctive Relief Subclass members and Defendant have adverse legal interests, and there is a substantial controversy between the Injunctive Relief Subclass and Defendant of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether Defendant's mass suspension and reduction of HELOCs violates TILA and Regulation Z.

47. Plaintiff, on their own behalf and on behalf of the other Injunctive Relief Subclass members, seek:

CLASS ACTION COMPLAINT

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

a. a declaratory judgment under 28 U.S.C. § 2201 that Defendant violated TILA and Regulation Z by:

    i) using grossly inaccurate valuation methods to undervalue the properties and justify blanket suspensions and reductions of the HELOCs; and

    ii) suspending or reducing the HELOCs despite the properties securing the HELOCs not having declined significantly and despite Defendant not having a sound factual basis for concluding that there had been any such significant decline; and

b. full reinstatement of the credit limits on all the HELOCs that:

    i) have been unlawfully reduced or suspended; or

    ii) have not been reinstated where the reinstatement was warranted.

### THIRD CLAIM FOR RELIEF
**(For Breach of Contract)**
**On Behalf of the Class**

48. Plaintiff incorporates the above allegations by reference.

49. Plaintiffs and the other Class members obtained HELOCs from Defendant. The terms of these HELOC agreements constitute a contract between the Class members and Defendant.

50. The HELOC agreements contain a term which purports to provide Defendant the discretion to reduce the credit limit during any period in which the value of the home securing the HELOC declines significantly below the home's appraised value. Defendant drafted the terms of the HELOC agreements, and any ambiguity in the phrase "declines significantly" must be strictly construed against Defendant.

51. Plaintiffs and the other Class members performed under their HELOC agreements with Defendant and made all payments due to Defendant under the HELOC agreements.

52. The credit limit under the Class members' HELOC agreements was a material term of the contract between the Class members and Defendant. Defendant materially breached the terms of the HELOC agreements by reducing the credit limit for Plaintiffs' and other Class members' HELOCs because their home value did not decline significantly. Alternatively,

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

1  Defendant materially breached the terms of the HELOC agreements by failing to reinstate the credit

2  limits for Plaintiffs' and other Class members' HELOCs after the value of the homes securing the

3  HELOCs was no longer in a significant decline and/or when Defendant became aware or should

4  have become aware that there was not a then-present significant decline in value.

5  53.  To the extent that any of the Class members' HELOCs contain any term purporting

6  to allow Defendant to unilaterally reduce the credit limit of TILA Class members without

7  complying with TILA and Regulation Z, such terms are void and violate public policy.

8  54.  Defendant's breach of contract damaged Plaintiffs and the other Class members.

9  These damages include the denial of the full use of the bargained-for benefit of the HELOCs, early

10  termination fees, appraisal fees, replacement HELOC closing costs, the increased price of credit,

11  adverse effects on credit scores, the lost benefit of the bargain on annual account fees, and "not

12  sufficient funds" fees.

13  55.  Plaintiffs, on their own behalf and behalf of the other Class members, seek

14  damages for Defendant's breach of contract, as well as interest, attorneys' fees and costs

15  pursuant to Cal. Code Civ. Proc. § 1021.5.

16  **FOURTH CLAIM FOR RELIEF**
**(For Violation of California's UCL, Cal. Bus. & Prof. Code § 17200)**
**On Behalf of the Class**

17

18  56.  Plaintiff incorporates the above allegations by reference.

19  57.  Defendant's reduction of and/or failure to reinstate the original credit limits for

20  Plaintiffs and other Class members' HELOCs violated TILA and Regulation Z.  Defendant sent a

21  form letter to each of the Class members that stated the suspension or reduction of the credit limits

22  was due to the significant decline in the value of the homes that secured the HELOCs.

23  58.  Defendant's form letters were deceptive and untrue because they were based on

24  AVMs that recklessly or intentionally undervalued the homes securing the Class members'

25  HELOCs.  On information and belief, Defendant either intentionally or recklessly used AVMs that

26  did not have adequate safeguards to ensure their integrity or accuracy to falsely justify reducing

27  Plaintiffs' and other Class members' HELOC limits.  Moreover, Defendant's misuse and/or

28  mishandling of these AVMs violated TILA and Regulation Z inasmuch as these particular AVMs

-13-

1 || were not sufficient, reliable, or adequate grounds to justify Defendant's reduction of the HELOC

2 || limits.

3 ||      59.    In light of Defendant's actions, its reduction of and/or failure to reinstate the Class

4 || members' HELOC limits was unfair because it caused a substantial injury to consumers and

5 || competition that was not outweighed by any countervailing benefits to consumers or to competition

6 || and was not an injury the consumers themselves could reasonably have avoided.  Moreover,

7 || Defendant's reduction of and/or failure to reinstate the Class members' HELOC limits offends

8 || public policy and/or violates the policy or spirit behind TILA, Regulation Z, Title XI of the

9 || Financial Institutions Reform, Recovery, and Enforcement Act of 1989, and the UCL, is oppressive

10 || and unscrupulous, and threatens or harms competition in the post-bust HELOC market.

11 ||      60.    These unlawful, deceptive, and unfair acts and practices are unfair competition in

12 || violation of the UCL.  Defendant's violations of the UCL caused Plaintiffs and the other Class

13 || members injury in fact, through lost money and property.

14 ||      61.    Defendant's violations of the UCL damaged Plaintiffs and the other Class members,

15 || as Defendant obtained money and/or property that rightfully belonged to Plaintiffs and the Class

16 || members, including the lost benefit of the bargain on annual account fees, and lost use of the funds

17 || available for credit.

18 ||      62.    Plaintiffs, on their own behalf and behalf of the other Class members, seek

19 || restitution of any money or property obtained by Defendant from Plaintiffs and the Class members

20 || through such unfair competition under the UCL (Cal. Bus. & Prof. Code § 17203), as well as

21 || interest, attorneys' fees and costs pursuant to Cal. Code Civ. Proc. § 1021.5.

22 ||                     **FIFTH CLAIM FOR RELIEF**

            **(For Violation of California's UCL, Cal. Bus. & Prof. Code § 17200)**

23 ||                   **On Behalf of Annual Fee Subclass**

24 ||      63.    Plaintiff incorporates the above allegations by reference.

25 ||      64.    The Annual Fee Subclass members obtained HELOCs from Defendant under the

26 || terms of the HELOC agreements.  According to these HELOC agreements, Plaintiff and the other

27 || Annual Fee Subclass members paid Defendant an annual fee to maintain their HELOC accounts.

28 || When Defendant reduced their credit limits, it proportionately diminished the benefit of the bargain

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

-14-

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

1 associated with that fee.

2     65.    On information and belief, Defendant has used AVMs to justify its reduction of the

3 credit limits for Plaintiff and other Annual Fee Subclass members' HELOCs. On information and

4 belief, Defendant violated TILA and Regulation Z and breached the implied covenant of good faith

5 and fair dealing in their HELOC agreements by either intentionally or recklessly using AVMs that

6 they knew or should have known lacked adequate safeguards to ensure their integrity or accuracy to

7 justify reducing Plaintiff's and other Annual Fee Subclass members' HELOC limits. Defendant's

8 use of AVMs deprived Plaintiff and the Annual Fee Subclass members of the benefit of the bargain

9 associated with Defendant's annual fee.

10     66.    The imposition and failure to refund the annual fee was unfair because Defendant's

11 reduction of Plaintiff's and other Annual Fee Subclass members' HELOC limits and use of AVMs

12 deprived them of the benefit of the bargain associated with Defendant's annual fee. This caused a

13 substantial injury to consumers and competition that was not outweighed by any countervailing

14 benefits to consumers or to competition and was not an injury the consumers themselves could

15 reasonably have avoided. Moreover, Defendant's imposition and failure to refund the annual fee

16 was premised on a violation of TILA and Regulation Z and offends public policy and/or violates the

17 policy or spirit behind TILA, Regulation Z, Title XI of the Financial Institutions Reform, Recovery,

18 and Enforcement Act of 1989, and the UCL, is oppressive and unscrupulous, and threatens or harms

19 competition in the post-mortgage bust market for HELOCs.

20     67.    These unfair acts and practices constitute unfair competition in violation of the UCL.

21     68.    Defendant's violations of the UCL damaged Plaintiff and the other Annual Fee

22 Subclass members. Defendant's violations of the UCL caused Plaintiff and the other Annual Fee

23 Subclass members injury in fact, through lost money and property, including the lost benefit of the

24 bargain associated with Defendant's annual account fees.

25     69.    Plaintiff, on his own behalf and behalf of the other Annual Fee Subclass members,

26 seek restitution of any money or property gained by Defendant from Plaintiff and the other Annual

27 Fee Subclass members through such unfair competition under the UCL (Cal. Bus. & Prof. Code §

28 17203), as well as interest, attorneys' fees and costs pursuant to Cal. Code Civ. Proc. § 1021.5.

1

## PRAYER FOR RELIEF

2    Plaintiff, the Class and Subclasses pray for judgment against Defendants as follows:

3    A.    Certifying the action as a class action and designating Plaintiffs and their counsel

4          as representatives of the Class and Subclasses;

5    B.    Awarding statutory damages, actual damages, attorneys' fees, and costs under 15

6          U.S.C. § 1640(a)(2)(B) for the Class on the First Claim for Relief;

7    C.    Declaring Defendant's actions alleged herein unlawful, and directing Defendant to

8          reinstate the credit limits on all unlawfully suspended or reduced HELOCs of

9          Injunctive Relief Subclass members on the Second Claim for Relief;

10   D.    Awarding actual damages for the Class on the Third Claim for Relief, including

11         damages for denial of the full use of the bargained-for benefit of the HELOCs,

12         damages for adverse effects on credit scores, early termination fees, appraisal fees,

13         replacement HELOC closing costs, the increased price of credit, the lost benefit of

14         the bargain on annual account fees, and "not sufficient funds" fees;

15   E.    Restitution on the Fourth Claim for Relief for all money or property obtained by

16         Defendant from Plaintiffs and the other Class members through Defendant's

17         unfair competition, including annual account fees and lost use of the funds

18         available for credit;

19   F.    Restitution for the Annual Fee Subclass under the Fifth Claim for Relief for all

20         money or property obtained by Defendant from Plaintiff and the other Annual Fee

21         Subclass members through Defendant's unfair competition, including Defendant's

22         annual account fees;

23   G.    Awarding reasonable attorneys' fees for Plaintiffs and their counsel;

24   H.    Awarding pre- and post-judgment interest; and

25   I.    Granting such other and further relief as the Court may deem just and proper.

26   ///

27   ///

28   ///

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

-16-

CLASS ACTION COMPLAINT

# JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated:  August 5, 2010

HARRISON PATTERSON & O'CONNOR LLP

By: _____
    James R. Patterson (SBN 211102)
Alisa A. Martin (SBN 224037)
HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway, 29th Floor
San Diego, CA 92101
Tel:  (619) 756-6990
Fax:  (619) 756-6991
jpatterson@hpolaw.com
amartin@hpolaw.com

Sean Reis (SBN 184044)
EDELSON MCGUIRE LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, CA 92688
Tel: 714-352-5200
Fax: 714-352-5201
sreis@edelson.com

Jay Edelson (admitted *pro hac vice*)
Michael McMorrow (admitted *pro hac vice*)
EDLESON MCGUIRE, LLC
350 North LaSalle Street, Suite 1300
Chicago, IL 60654
Tel: (312) 589-6370
Fax: (312) 589-6378
jedelson@edelson.com
mmcmorrow@edelson.com

CLASS ACTION COMPLAINT

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| CHRISTOPHER BREWSTER, on behalf of himself and all others similarly situated | USAA FEDERAL SAVINGS BANK; and DOES 1 through 50, inclusive, |

**FILED**

**2010 AUG -5 PM 12: 44**

| (b) County of Residence of First Listed Plaintiff San Diego <br> (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant _____ <br> (IN U.S. PLAINTIFF CASES ONLY) <br> NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE <br> LAND INVOLVED. |
|---|---|
| (c) Attorney's (Firm Name, Address, and Telephone Number) <br> James R. Patterson, Esq./Alisa A. Martin, Esq. <br> HARRISON PATTERSON & O'CONNOR LLP <br> 402 West Broadway, 29th Floor <br> San Diego, CA 92101 <br> Tel: 619-756-6990 / Fax: 619-756-6991 | Attorneys (If Known) <br> BY _____ DEPUTY |

**'10 CV 1635 JAH    BLM**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                      and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 151 Medicare Act <br> ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☒ 160 Stockholders' Suits <br> ☐ 190 Other Contract <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | **PERSONAL INJURY** <br> ☐ 310 Airplane <br> ☐ 315 Airplane Product Liability <br> ☐ 320 Assault, Libel & Slander <br> ☐ 330 Federal Employers' Liability <br> ☐ 340 Marine <br> ☐ 345 Marine Product Liability <br> ☐ 350 Motor Vehicle <br> ☐ 355 Motor Vehicle Product Liability <br> ☐ 360 Other Personal Injury | **PERSONAL INJURY** <br> ☐ 362 Personal Injury— Med. Malpractice <br> ☐ 365 Personal Injury— Product Liability <br> ☐ 368 Asbestos Personal Injury Product Liability <br> **PERSONAL PROPERTY** <br> ☐ 370 Other Fraud <br> ☐ 371 Truth in Lending <br> ☐ 380 Other Personal Property Damage <br> ☐ 385 Property Damage Product Liability | ☐ 610 Agriculture <br> ☐ 620 Other Food & Drug <br> ☐ 625 Drug Related Seizure of Property 21 USC 881 <br> ☐ 630 Liquor Laws <br> ☐ 640 R.R. & Truck <br> ☐ 650 Airline Regs. <br> ☐ 660 Occupational Safety/Health <br> ☐ 690 Other | ☐ 422 Appeal 28 USC 158 <br> ☐ 423 Withdrawal 28 USC 157 <br> **PROPERTY RIGHTS** <br> ☐ 820 Copyrights <br> ☐ 830 Patent <br> ☐ 840 Trademark <br> **SOCIAL SECURITY** <br> ☐ 861 HIA (1395ff) <br> ☐ 862 Black Lung (923) <br> ☐ 863 DIWC/DIWW (405(g)) <br> ☐ 864 SSID Title XVI <br> ☐ 865 RSI (405(g)) | ☐ 400 State Reapportionment <br> ☐ 410 Antitrust <br> ☐ 430 Banks and Banking <br> ☐ 450 Commerce <br> ☐ 460 Deportation <br> ☐ 470 Racketeer Influenced and Corrupt Organizations <br> ☐ 480 Consumer Credit <br> ☐ 490 Cable/Sat TV <br> ☐ 810 Selective Service <br> ☐ 850 Securities/Commodities/ Exchange <br> ☐ 875 Customer Challenge 12 USC 3410 <br> ☐ 890 Other Statutory Actions <br> ☐ 891 Agricultural Acts <br> ☐ 892 Economic Stabilization Act <br> ☐ 893 Environmental Matters <br> ☐ 894 Energy Allocation Act <br> ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice <br> ☐ 950 Constitutionality of State Statutes |
| ☐ 210 Land Condemnation <br> ☐ 220 Foreclosure <br> ☐ 230 Rent Lease & Ejectment <br> ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | ☐ 441 Voting <br> ☐ 442 Employment <br> ☐ 443 Housing/ Accommodations <br> ☐ 444 Welfare <br> ☐ 445 Amer. w/Disabilities - Employment <br> ☐ 446 Amer. w/Disabilities - Other <br> ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence <br> **Habeas Corpus:** <br> ☐ 530 General <br> ☐ 535 Death Penalty <br> ☐ 540 Mandamus & Other <br> ☐ 550 Civil Rights <br> ☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt.Reporting & Disclosure Act <br> ☐ 740 Railway Labor Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act <br> **IMMIGRATION** <br> ☐ 462 Naturalization Application <br> ☐ 463 Habeas Corpus— Alien Detainee <br> ☐ 465 Other Immigration Actions | ☐ 870 Taxes (U.S. Plaintiff or Defendant) <br> ☐ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | Transferred from | | Appeal to District |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1348, 28 U.S.C. § 1332(d)(2), 28 U.S.C. § 1331, 28 U.S.C. § 1367

Brief description of cause:
illegal and improper reduction and suspension of credit limits on home equity lines of credit

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION     DEMAND $IN EXCESS OF 5,000,000.00     CHECK YES only if
demanded in complaint:
UNDER F.R.C.P. 23

**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):     JUDGE _____     DOCKET NUMBER _____

DATE
August 5, 2010

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 116643   AMOUNT $350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AB 08-05-10

American LegalNet, Inc.
www.FormsWorkflow.com

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS016643
Cashier ID: mbain
Transaction Date: 08/05/2010
Payer Name: CALEXPRESS
--------------------------------
CIVIL FILING FEE
 For: BREWSTER V USAA FEDERAL SAVING
 Case/Party: D-CAS-3-10-CV-001633-001
 Amount:        $350.00
--------------------------------
CHECK
 Check/Money Order Num: 57036
 Amt Tendered:  $350.00
--------------------------------
Total Due:       $350.00
Total Tendered: $350.00
Change Amt:      $0.00


There will be a fee of $45.00
,charged for any returned check.
```